JAMES J. YUKEVICH (SBN 159896)
 *jyukevich@yukelaw.com*
RAYMOND H. HUA (SBN 222466)
 *rhua@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone:  (213) 362-7777
Facsimile:   (213) 362-7788
Email:            eservice@yukelaw.com

Attorneys for Defendant
GARFIELD BEACH CVS, LLC,
erroneously sued and served herein as
CVS Pharmacy, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF VERA LUKOMSKY; ALEXANDER LUKOMSKY as successor in interest of Decedent VERA LUKOMSKY; EVA REPERT as successor in interest of Decedent VERA LUKOMSKY<br><br>Plaintiffs,<br><br>vs.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation; DOE 1 (STORE MANAGER); and DOES 2-25, inclusive,<br><br>Defendants. | CASE NO. **'23 CV 2230 RBM BGS**<br><br>[Removal from Superior Court of California, San Diego, Case No. 37-2023-00028568-CU-PO-NC]<br><br>**GARFIELD BEACH CVS, LLC, ERRONEOUSLY SUED AND SERVED HEREIN AS CVS PHARMACY, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Declaration of Raymond H. Hua and Exhibits]* |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant GARFIELD BEACH CVS, LLC, erroneously sued and served herein as CVS PHARMACY, INC. (hereinafter "Defendant") by and through counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in the County of San Diego, to

the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446.

Defendant provides the following "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## A.   THE STATE COURT ACTION

1. On or around July 6, 2023, Plaintiffs filed a Complaint styled *ESTATE OF VERA LUKOMSKY; ALEXANDER LUKOMSKY as successor in interest of Decedent VERA LUKOMSKY; EVA REPERT as successor in interest of Decedent VERA LUKOMSKY v. CVS Pharmacy, Inc.*, Case Number 37-2023-00028568-CU-PO-NC, in the Superior Court of the State of California, County of San Diego. See Declaration of Raymond H. Hua ("Hua Decl."), ¶2, Exhibit A (Plaintiff's Summons and Complaint, and accompanying documents). Defendant was served with Plaintiff's Complaint on November 6, 2023. See Hua Decl., ¶3.

2. CVS has not filed an Answer to Plaintiff's Complaint. CVS' first appearance is the instant Notice of Removal. See Hua Decl., ¶4.

## B.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

1. On November 6, 2023, Plaintiff served the Summons and Complaint on Defendant GARFIELD BEACH CVS, L.L.C. erroneously sued and served as CVS Pharmacy, Inc. via process server. As such, service was deemed completed on November 6, 2023. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers, including the Summons and Complaint and the copy of legal process received by Defendant are attached to Raymond H. Hua's Declaration as Exhibit A. Based on the allegations in the Complaint, discussed below, the corporate entity for the CVS store at issue in Plaintiff's Complaint is Garfield Beach CVS, LLC, whose sole member is CVS PHARMACY, INC., a Rhode Island Corporation. See Hua Decl., ¶¶ 5-6, Exhs. B and C.

3. Removal is timely. Defendant has removed this action within 30 days after receipt of a copy of the Complaint, pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. Plaintiff filed the state court action in the Superior Court of the State of California, County of San Diego. Venue therefore properly lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a).

5. As Garfield Beach CVS, LLC is a limited liability company whose sole member is CVS PHARMACY, INC., and once served, Defendants will be jointly represented, and Garfield Beach CVS, LLC is also an out-of-state Defendant, removal is proper.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior Court of the State of California, County of San Diego.

## C. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(a)-(b)

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b) because the action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### a. The Parties Are Diverse

1. Diversity between the Plaintiff and the properly named and joined Defendant existed at the time the Complaint was filed and continues to exist as of this removal.

2. Plaintiffs ALEXANDER LUKOMSKY and EVA REPERT are adult residents of San Diego County, California as alleged in Plaintiffs' Complaint. See Exhibit A to Hua Decl., p. 1, para. 1 of Plaintiffs' Complaint.) Plaintiffs' allege in their Complaint that on March 16, 2023, Decedent VERA LUKOMSKY was at Defendant's store when the "entrance and/or exit door closed on Decedent." The store Decedent was allegedly injured is at 129 N. El Camino Real, Encinitas, CA 92024. See Exhibit A to Hua Decl., p. 3, para. 7 of Plaintiffs' Complaint.

Based on this information, Defendant believes that at the time Plaintiffs filed their Complaint, Plaintiffs and Decedent's Estate were and remains citizens of California.

7. Defendant in this action is now, and was at the time Plaintiffs filed their Complaint, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1).

8. CVS PHARMACY, INC., is now, and was at the time Plaintiffs filed their Complaint, a corporation organized under the laws of the State of Rhode Island, with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. See Hua Decl., ¶¶ 5-6, Exhs. B and C. Thus, at all times relevant hereto, CVS PHARMACY, INC., has been a citizen of Rhode Island, and not a citizen of California.

9. Garfield Beach CVS, LLC is now and was at the time Plaintiffs filed their Complaint, a limited liability company organized under the laws of the State of California. See Hua Decl., ¶ 5, Exh. B. A limited liability company is a citizen of the same state or states as its owners/members. See *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In this case, Garfield Beach CVS, LLC, has a sole member – CVS PHARMACY, INC., which is a citizen of the State of Rhode Island. Therefore, Garfield Beach CVS, LLC, is also a citizen of the State of Rhode Island, and not a citizen of the State of California, per 28 U.S.C. § 1329(a).

10. In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of Does named in the Complaint is therefore immaterial with respect to removal.

11. Because Plaintiffs are and were at the time they filed the Complaint, citizens of California; because CVS PHARMACY, INC. and Garfield Beach CVS, LLC, are, and were at the time Plaintiffs filed the Complaint, citizens of Rhode

Island; diversity of citizenship exists between the parties, and it existed at the time the Complaint was filed.

### b. The Amount In Controversy Exceeds $75,000.

1. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if a court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.

2. A removing Defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

3. To ascertain the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages and attorney's fees. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

4. Here, Plaintiffs served Defendant with a Statement of Damages claiming General Damages of $1 million, and Special Damages of $1 million. See Exh. A to Hua Decl., Plaintiffs' Statement of Damages. The amount in controversy is therefore over $75,000.

5. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to them under state or federal law.

1  Defendant expressly reserves the right to move for dismissal of some or all of
2  Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.
3    WHEREFORE, Defendant GARFIELD BEACH CVS, L.L.C. respectfully
4  requests that the action pending in the Superior Court for the State of California,
5  County of San Diego, be removed in its entirety to this Court.

7  DATED:  December 6, 2023  YUKEVICH | CAVANAUGH

By:  */s/ Raymond H. Hua*
   James J. Yukevich
   Raymond H. Hua
   Attorneys for Defendant
   GARFIELD BEACH CVS, LLC,
   erroneously sued and served herein as
   CVS Pharmacy, Inc.

2708112.1

6

DEFENDANT GARFIELD BEACH CVS, LLC'S NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

# PROOF OF SERVICE

## Estate of Vera Lukomsky et al. v. CVS Pharmacy, Inc., et al.

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On December 6, 2023, I served true copies of the following document(s) described as **GARFIELD BEACH CVS, LLC, ERRONEOUSLY SUED AND SERVED HEREIN AS CVS PHARMACY, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, AND 1446** on the interested parties in this action as follows:

| | |
|---|---|
| Igor Fradkin, Esq.<br>DOWNTOWN L.A. LAW GROUP<br>910 S. Broadway<br>Los Angeles, CA 90015 | Attorneys for Plaintiffs<br>Tel: (213) 389-3765<br>Fax: (877) 389-2775<br>Email: Igor@downtownlalaw.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 6, 2023, at Los Angeles, California.

                                          */s/ Karen D Thompson*
                                          Karen D Thompson

2708112.1